## National Mutual Church Ins. Co. v. Trustees of the M. E. Church, Bentley, Illinois.

1. INSURANCE—*Knowledge of Agent is Knowledge of the Company.*— The pastor in charge of a church, wrote to an insurance company without authority from the trustees of the church, requesting to be informed of the terms upon which insurance upon the church parsonage might be obtained. In response to this letter, the company wrote to the pastor that "in order that you may be fully prepared to lay the matter before your board. * * * I take pleasure in handing you policies herewith, subject, of course, to acceptance." The company entered a record of their insurance in a book kept by it for such purpose. The letter with two policies, one fire and the other tornado, inclosed, was received by the pastor at the post-office, and on his way from the post-office to his residence he met one of the trustees who was also a member of the parsonage committee, and there read the fire policy to him, whereupon the trustee informed him that he guessed he would take it, and then put it in his pocket. The trustee then went home, and while engaged in writing a letter to the company in which to send a remittance for the fire policy, the fire occurred and the parsonage was destroyed. After this the trustee sent the remittance and returned the tornado policy. *Held*, that the response of the manager of the insurance company inclosing the policy accomplished the end of creating the pastor the agent of the company to lay the matter before the board of trustees for their action, as is clearly implied, if not expressed, when he said, "in order that you (the pastor) may be fully prepared to lay the matter before your board * * * I take pleasure in handing you policies herewith, subject, of course, to acceptance." The pastor as agent of the company knew at the time he gave the policy to the trustee that it had been accepted, and his knowledge was the knowledge of the company for every sufficient purpose, and whether this knowledge was in fact communicated to the company's manager before the fire is not essential.

Assumpsit, upon a policy of fire insurance.    Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the May term, 1902.    Affirmed.    Opinion filed November 1, 1902.

H. H. C. MILLER and DAVID E. MACK, attorneys for appellant.

APOLLOS W. O'HARRA, attorney for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by appellees against appellant upon a policy of insurance issued by the latter, insuring against the loss by fire, the parsonage of the former.    A jury having been waived, the trial by the court resulted in a finding and judgment against appellant for $500, to reverse which it prosecutes this appeal, and argues chiefly the point that there had been no contract of insurance effected at the time the loss occurred, for the reason the policy had not been accepted at any time before the fire, nor was the fact of such acceptance communicated to the appellant before that time.    Numerous authorities have been cited and argued by the appellant to prove the validity of appellant's contention, and also by the opposite side to show the weakness of such position.

In the view we have of the case it will be unnecessary to review the many decisions to which we have been referred. The questions presented upon the record are questions of fact merely, in the determination of which the use of decisions as to the law applicable to the various phases of questions assumed in the argument, would tend to confusion.

Young, the preacher in charge of the appellee church, had effected insurance with appellant upon his household effects, and in correspondence with appellant's manager, without authority from the trustees of the church, expressed his belief that the authorities of the church contemplated insuring the parsonage, and requested to be informed of the terms upon which such insurance could be obtained.    In response to this letter appellant wrote to

Young that " in order that you may be fully prepared to lay the matter before your board * * * I take pleasure in handing you policies herewith, subject, of course, to acceptance." On the same day this letter was written appellant entered a record of their issuance in a book kept by it for such purpose. The letter with the policies inclosed, of which there were two, fire and tornado, was received by Young at the post-office in Bentley about 10:30 A. M. October 6th, and on his way from the post-office to his residence he met George H. Friend, one of the trustees and also a member of the parsonage committee, and there read the fire policy to him, whereupon Friend informed Young that he guessed he would take it, and then put it in his pocket. Friend then went home, and while engaged in writing a letter to appellant in which to send a remittance for the fire policy, the fire occurred and the parsonage was destroyed. After this, Friend sent the remittance and returned the tornado policy. Notice of loss was sent to appellant but it declined to pay, and frequent correspondence ensued between the parties, not material to recite here, which at last culminated in this suit. The evidence shows further that Friend, May 9, 1900, had been authorized by the parsonage board as its agent to secure insurance on the parsonage.

Appellees had not constituted Young their agent to secure insurance upon the parsonage, but had expressly appointed Friend for such purpose. Young had not been authorized by Friend, and did not assume to be, to procure insurance from appellant. Young, in the first instance, as it appears, wrote of his own volition to the manager of appellant in a spirit of friendliness to both parties. The response of the manager inclosing the policy accomplished the end of creating Young the agent of appellant to lay the matter before the board of trustees for their action, as is clearly implied, if not expressed, when he said " in order that you (Young) may be fully prepared to lay the matter before your board, I take pleasure in handing you policies herewith, subject, of course, to acceptance." Young did lay the matter before

146    APPELLATE COURTS OF ILLINOIS.

VOL. 105.] Village of London Mills v. Fairview-London Tel. Circuit.

Friend, the authorized agent of the board, who accepted the policy and remitted for it. If Young was the agent of appellant, as we hold be was, he knew at the time he gave the policy to Friend, it had been accepted, and the knowledge of Young was the knowledge of appellant for every sufficient purpose, and whether this knowledge was in fact communicated to appellant's manager before the fire, was not essential. The policy was issued and delivered by appellant to an agent of its own selection and by him delivered to and accepted by the authorized agent of appellees before the fire occurred. No other rational conclusions flow from the undisputed evidence in the case.

The finding and judgment of the Circuit Court were right and the latter will be affirmed.